UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CRAIG S. OWENS-PENITSKI and<br>MICHAEL CARTER | CIVIL ACTION<br>NO. 07-4929 |
| VERSUS | |
| HARLEYSVILLE MUTUAL INSURANCE<br>COMPANY, ET AL. | SECTION "N" (4) |

# O R D E R

Before the Court is the Plaintiffs' Motion for Leave to File Surreply Memorandum (Rec. Doc. 19). The motion is opposed. Under local rules of the Eastern District, a surreply may not be filed except by leave of Court. *See* LR7.5E. A trial court exercises discretion as to whether to consider a surreply, and should generally only allow such when a valid reason exists, such as when the movant raises new issues in a reply brief. *See, e.g., Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005). A surreply is generally disfavored and is normally only allowed if invited by the Court. *Wright ex rel. Trust Co. of Kan. v. Abbott Labs.*, 62 F. Supp. 2d 1186, 1187 n.1 (D. Kan. 1999). A true reply should be addressed to the arguments and positions advanced in the papers responding to the inital motion and should not raise entirely new issues. *See, e.g., Competitive Techs. v. Jujitsu Ltd.*, 286 F. Supp. 2d 1118, 1139-40 n.15 (N.D. Cal. 2003) ("It is improper to raise in reply a series of arguments that amount to an entirely new, unfiled motion.").

In the instant case, the movant did not raise new arguments in its reply brief; rather,

it is Plaintiffs who have attempted to raise new, previously unraised constitutional issues in their surreply. This amounts to an "entirely new, unfiled motion." Accordingly, **IT IS ORDERED** that the present motion for leave to file is **DENIED**.

New Orleans, Louisiana, this 9th day of December, 2008.

**KURT D. ENGELHARDT**
**United States District Judge**